**SILLS CUMMIS & GROSS P.C.**
George R. Hirsch, Esq.
Daniel J. Harris, Esq.
101 Park Avenue, 28th Floor
New York, New York 10178
(212) 643-7000 (Telephone)
(212) 643-6500 (Facsimile)

*Proposed Counsel to the Debtor*
*and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>OCCASION BRANDS, LLC[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 20-11684 (SMB) |
| OCCASION BRANDS, LLC<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN CLOTHING EXPRESS, INC.,<br><br>Defendant. | Adv. Pro. No. _____ |

**ADVERSARY COMPLAINT TO AVOID LIENS AND PREFERENTIAL TRANSFERS**

Plaintiff, Occasion Brands, LLC (the "**Plaintiff**" or "**Debtor**") as debtor and debtor-in-possession in the above-captioned Chapter 11 case (the "**Chapter 11 Case**"), by its attorneys, files this complaint (the "**Complaint**") against American Clothing Express, Inc. ("**ACE**" or "**Defendant**") (i) to avoid unperfected security interests in the Allure Products (as defined below) pursuant to section 544 of the Bankruptcy Code and recover and preserve the value thereof under

---

[1] The last four digits of the Debtor's federal tax identification number is 3434. The location of the Debtor's service address is: 105 Sleepy Hollow Drive, Middletown, Delaware 19709.

7404181

sections 550 and 551 of the Bankruptcy Code; (ii) to avoid and recover preferential transfers made to Defendant within ninety (90) days of the Petition Date; and (iii) to object to and obtain disallowance of ACE's claims pursuant to 502(d) of the Bankruptcy Code. In support of the Complaint, the Plaintiff hereby alleges as follows:

## JURISDICTION AND VENUE

1. This adversary proceeding arises in and relates to the Chapter 11 Case now pending in the United States Bankruptcy Court for the Southern District of New York (the "**Court**").

2. This Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 157, 1331, 1332 and 1334.

3. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (C), (F), (K), and (O).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

5. The statutory and legal predicates for the relief sought herein are sections 105, 544, 547, 550, 551 and 502 of the Bankruptcy Code and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## PLAINTIFF

6. Plaintiff is the Debtor in the Chapter 11 Case.

7. Plaintiff is a Delaware entity pursuant to a Certificate of Formation filed on June 12, 2017 with the Secretary of State of the State of Delaware.

## DEFENDANT

8. Defendant is a Tennessee corporation with offices at 3190 New Brunswick Road, Bartlett, Tennessee 38133.

## FACTUAL BACKGROUND

9. On March 30, 2018, Plaintiff entered into that certain *Kleinfeld Joint Venture Agreement* (the "**Kleinfeld Joint Venture Agreement**") with Defendant pursuant to which the parties began a joint venture relationship to supply Bridal Party Products (as defined in the Kleinfeld Joint Venture Agreement) as part of the Debtor's bridal offerings. The relationship between the parties continued through 2018 and most of 2019, until the parties terminated the Kleinfeld Joint Venture Agreement at the end of 2019.

10. In connection with the termination of the Kleinfeld Joint Venture Agreement, the Debtor executed a promissory note dated December 31, 2019 in favor of Defendant (the "**Allure Promissory Note**") in the amount of $2,459,607.28. The term of the Allure Promissory is twenty-four (24) months with payments due monthly in the amount of $102,483.64. The Debtor made payments on the Allure Promissory Note to ACE in January and February 2020; however, ACE served the Debtor with a notice of acceleration due to non-payment in March 2020. As of the Petition Date (as defined below), the Debtor calculates that the total indebtedness owed under the Allure Promissory Note is not less than approximately $2,254,640.00.

11. Pursuant to an *Inventory Security Agreement* dated as of December 31, 2019 between Plaintiff and Defendant executed in connection with termination of the joint venture (the "**Security Agreement**"), ACE was granted a security interest in all "**Allure Products**"[2] (as defined in the Kleinfeld Joint Venture Agreement) as security for the repayment of the Allure Promissory Note.[3] The Security Agreement also provides that Plaintiff "owns the Collateral and will own any collateral acquired after the date of this Agreement, free of any liens, encumbrances,

---

[2] "Allure Products" is defined in the Kleinfeld Joint Venture Agreement as "Private Label Bridesmaid Products supplied by ACE under this Agreement."

[3] For purposes of this Complaint, "**Allure Products**" includes the proceeds thereof, including but not limited to the Escrowed Proceeds (as defined below).

3

or other right, title, or interest of any party named in this Agreement." A copy of the Security Agreement is attached hereto as **Exhibit A**.

12. Defendant and the holders of the Plaintiff's secured promissory notes executed a *Limited Subordination Agreement* dated December 31, 2019, subordinating any liens in the Allure Products to ACE's security interest under the Security Agreement.

13. On February 8, 2020, Defendant filed UCC-1 Financing Statement #202002088054651 in New York identifying Defendant as the secured party and the Plaintiff as the debtor.

14. On February 8, 2020, Defendant filed UCC-1 Financing Statement #53843672 in New Jersey identifying Defendant as the secured party and the Plaintiff as the debtor.

15. Defendant did not file a UCC-1 Financing Statement in Delaware with respect to the Debtor. A copy of the Debtor's search in Delaware for UCC-1 Financing Statements, which yielded no results for Defendant, is attached hereto as **Exhibit B**.

16. As of the date hereof, the Debtor owns approximately 38,416 dresses that constitute Allure Products under the Security Agreement.

17. On or about July 14, 2020, approximately 13,675 dresses that constitute Allure Products were delivered by the Plaintiff's warehouse to ACE (the "**Defendant Held Collateral**"). Of that amount, approximately 13,453 dresses are currently located at ACE's warehouse in Memphis, Tennessee. Approximately 24,963 dresses remain at Plaintiff's warehouse in New Jersey.

18. On July 22, 2020 (the "**Petition Date**"), the Plaintiff filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in this Court.

4

19.     On August 5, 2020, the Court entered the *Interim Order (A)(I) Authorizing the Debtor to Use Cash Collateral Pursuant to 11 U.S.C. § 363, and (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361, 362, 363, and 507, and (B) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b)* [Docket No. 42] (the "**ACE Interim Cash Collateral Order**") authorizing, among other things, the Debtor to use up to $18.434.25 in which Defendant may have an interest in order to facilitate the shipment of approximately 233 dresses (as defined in the ACE Interim Cash Collateral Order, the "**Subject Inventory**"). *See id.* ¶¶ C, 3. Paragraph E of the ACE Interim Cash Collateral Order provides as follows:

> The Debtor disputes the validity of the Allure Lien in light of the Debtor's belief that (a) ACE failed to perfect its interest in the Allure Collateral and (b) any perfection of the Allure Lien on the Debtors' inventory in ACE's possession is avoidable as a preference under section 547 of the Bankruptcy Code. However, given the exigencies relating to Subject Inventory, the Debtor and ACE have agreed to defer any dispute over the Allure Lien in exchange for the relief granted herein.

*Id.* ¶ E.

20.     Paragraph 4 of the ACE Interim Cash Collateral Order also requires the Plaintiff to deposit in an escrow the proceeds from the sale of the Subject Inventory as follows:

> **Escrowed Proceeds Lien**. Within fourteen (14) days of entry of this order, the Debtor will deposit in an escrow account proceeds from the sale of the Subject Inventory in an amount equal to the sum of (i) the landed-duty-paid cost (the "**LDP Cost**") of the Subject Inventory, plus (ii) shipping and handling of $10.00 per item only if the Subject Inventory is shipped by ACE from its warehouse using labels supplied by the Debtor, plus (iii) twenty percent (20%) of the LDP Cost (the "**Escrowed Proceeds**"). Subject to paragraph 10 below, ACE is granted a valid, perfected postpetition security interest in and first priority lien on the Escrowed Proceeds (the "**Escrowed Proceeds Lien**"). The Escrowed Proceeds Lien, solely to the extent of the Escrowed Proceeds, shall be senior in priority to the Superpriority Claim granted to the Secured Noteholders (as defined in the Secured Noteholder Interim Cash Collateral Order) in the Secured Noteholder Interim Cash Collateral Order.

*Id.* ¶ 4.

# COUNT I

## AVOIDANCE OF UNPERFECTED SECURITY INTERESTS

## (11 U.S.C. §§ 544, 550 AND 551)

21. Plaintiff hereby realleges each of the proceeding paragraphs as if fully set forth herein.

22. Defendant did not file a financing statement in Delaware to perfect its security interest in the Allure Products, and any liens or security interests of ACE in the Allure Products are thus unperfected. Article 9-307(e) provides that "[a] registered organization that is organized under the law of a State is located in that State." Art. 9 § 307(e). Thus, for purposes of Article 9, Plaintiff is located in Delaware. In turn, Article 9-301(1) provides that, "while a debtor is located in a jurisdiction, the local law of that jurisdiction governs perfection, the effect of perfection or nonperfection, and the priority of a security interest in collateral." *Id.* § 301(1). As such, Delaware law applies to perfection of the Allure Products. Finally, under Article 9-310(a), "a financing statement must be filed to perfect all security interests." *Id.* § 310(a).

23. Section 544(a) of the Bankruptcy Code, among other things, grants the Debtor the rights and powers of: (i) "a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists[;]" (ii) "a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists[;]" and (iii) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status

6

of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchase exists." 11 U.S.C. § 544(a).

24. Pursuant to 11 U.S.C. § 544(a), the interest of the Debtor's estate in the Allure Products is superior to unperfected interests of Defendant in the Allure Products and any and all claimed security interests of Defendant in the Allure Products should be avoided pursuant to section 544(a) of the Bankruptcy Code.

25. Further, such Allure Products or the value of such Allure Products should be recovered by the Debtor's estates pursuant to section 550(a) of the Bankruptcy Code and automatically preserved for the benefit of the Debtor's estates pursuant to section 551 of the Bankruptcy Code.

## COUNT II

### AVOIDANCE OF PREFERENCE PERIOD TRANSFERS

**(11 U.S.C. § 547)**

26. Plaintiff hereby realleges each of the proceeding paragraphs as if fully set forth herein.

27. The transfer of the Defendant Held Collateral to Defendant (the "**Transfer**") constituted a transfer of an interest in property of the Debtor.

28. Defendant was a creditor of the Plaintiff at the time the Transfer was made.

29. The Transfer was made on account of an antecedent debt or debts owed by the Plaintiff to, or for the benefit of, the Defendant before the Transfer was made.

30. The Plaintiff was insolvent at the time the Transfer was made.

31. The Transfer was made on or within ninety (90) days before the Petition Date.

32. The Transfer enables the Defendant to receive more than it would receive if (i) the Plaintiff's bankruptcy case were a case under chapter 7 of the Bankruptcy Code, (ii) the Transfer had not been made, and (iii) Defendant received payment of the debts to the extent provided by the provisions of the Bankruptcy Code.

33. Based on the foregoing, the Transfer is avoidable pursuant to 11 U.S.C. § 547(b).

## COUNT III

### RECOVERY OF AVOIDED TRANSFERS

### (11 U.S.C. § 550)

34. Plaintiff hereby realleges each of the proceeding paragraphs as if fully set forth herein.

35. Plaintiff is entitled to avoid the Transfer pursuant to Sections 547 of the Bankruptcy Code (the "**Preferential Transfer**").

36. Defendant was the initial transferee of the Preferential Transfer or the immediate or mediate transferee of such initial transferee whose benefit the Preferential Transfer was made.

37. Pursuant to Section 550(a) of the Bankruptcy Code, the Plaintiff is entitled to recover the Preferential Transfer from the Defendant, plus interest thereon to the date of payment and the costs of this action.

## COUNT IV

### DISALLOWANCE OF CLAIMS

### (11 U.S.C. § 502(d))

38. Plaintiff hereby realleges each of the proceeding paragraphs as if fully set forth herein.

39. The Defendant is an entity from which property is recoverable under Section 550 of the Bankruptcy Code.

8

40. The Defendant is a transferee of the Preferential Transfer avoidable under Section 547 of the Bankruptcy Code.

41. The Defendant has not paid the amount of the Preferential Transfer, or turned over such property, for which the Defendant is liable under Section 550 of the Bankruptcy Code.

42. Pursuant to Section 502(d) of the Bankruptcy Code, any and all claims of the Defendant and/or its assignee against the Plaintiff's Chapter 11 estate shall be disallowed until such time as the Defendant pays to the Plaintiff an amount equal to the aggregate amount of the Preferential Transfer, plus interest and costs.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court grant the following relief against Defendant:

A. On Count I, awarding judgment in favor of Plaintiff and against Defendant: (i) avoiding any of Defendant's liens on and security interests in the Allure Products pursuant to section 544 of the Bankruptcy Code, (ii) transferring to the Debtor's estate the avoided liens on or security interests in the Allure Products pursuant to section 550(a) of the Bankruptcy Code, and (iii) preserving the avoided liens on or security interests in the Allure Products and the value of such transfers for the benefit of the Debtor's estate pursuant to section 551 of the Bankruptcy Code;

B. On Counts II and III, awarding judgment in favor of Plaintiff and against Defendant: (i) avoiding the Transfer; (ii) directing Defendant to return to Plaintiff the amount of the Transfer, pursuant to 11 U.S.C. §§ 547(b) and/or 550(a); (iii) for money damages against Defendant in the amount of the Transfer; and (iv) awarding interest to the date of payment; and

C. On Count IV, disallowing Defendant's claims pursuant to section 502(d) of the Bankruptcy Code; and

9

D.  Granting such other and further relief as the Court deems just, proper and equitable, including the costs and expenses of this action.

Dated: August 11, 2020 **SILLS CUMMIS & GROSS P.C.**

/s/ George R. Hirsch, Esq.
George R. Hirsch, Esq.
Daniel J. Harris, Esq.
101 Park Avenue, 28th Floor
New York, New York 10178
(212) 643-7000 (Telephone)
(212) 643-6500 (Facsimile)
ghirsch@sillscummis.com
dharris@sillscummis.com

*Proposed Counsel to Debtor
and Debtor-in-Possession*