# INVENTORY SECURITY AGREEMENT

This Security Agreement is entered into as of the 31st day of December, 2019, between American Clothing Express, Inc. hereinafter referred to as "Secured Party", and Occasion Brands, LLC, whose place of business is 1441 Broadway, 21st floor, New York, New York 10018, hereinafter referred to as "Debtor". The parties agree as follows:

1. Secured Party is hereby granted a security interest in:

    a. **Inventory**. Allure Products, as defined in the Kleinfeld Joint Venture Agreement 1st Amendment now owned or after-acquired by Debtor, which are held for sale.

    b. **Documents of Title**. Documents of title evidencing or representing Inventory (as defined in 1(a) above) now owned or after-acquired by Debtor.

2. The Collateral is security for the repayment of that certain promissory note dated December 31, 2019 by and between Secured Party and Debtor (the "Promissory Note").

3. Debtor owns the Collateral and will own any collateral acquired after the date of this Agreement, free of any liens, encumbrances, or other right, title, or interest of any party named in this Agreement.

4. Debtor will defend the Collateral against all claims or demands of any person claiming the same interest as Secured Party or an interest contrary to that of Secured Party.

5. Financing Statements.
    a. **Warranty**. Except for prior UCC filings by the collateral agent for the members of Occasion Brands, LLC, which filings will be subordinate to Secured Party's UCC filings hereunder to the extent so provided for in that certain Limited Subordination Agreement of even date herewith between the Secured Party and the collateral agent for the members, there is no financing statement covering the Collateral on file with a public office except that of Secured Party. As long as the Promissory Note is outstanding, Debtor shall not permit the filing of a financing statement giving a third party a security interest in the Collateral.

    b. **Further Instruments**. Debtor will execute and deliver any financing statements, amendments, and supplements thereof or other instruments that Secured Party requires to comply with the Uniform Commercial Code (UCC), and any other law applicable to the Collateral or to the liabilities, in order to preserve its security interest in the collateral.

6. The inventory will be kept at the locations in Exhibit A. If its location is changed, Debtor will promptly notify Secured Party. Regardless of where the inventory and other collateral is located, Secured Party shall nevertheless retain a secured interest in it.



*Inventory Security Agreement*    1

7. The amount and maturity dates of all additional extensions of credit by Secured Party to Debtor will be determined by the purchase orders that are executed between the parties in the normal course of business subsequent to the date of this agreement.

8. Debtor, at Debtor's own expense, will comply with that certain Logistics and Services Agreement by and between Debtor and Bergen Shippers Corp. dated March 1, 2017, as amended and extended from time to time.

9. Control of Inventory.
    a. Lists of Other Inventory. Secured Party may require Debtor to deliver to Secured Party lists, descriptions, and designations of Debtor's inventory, so that Secured Party may determine the nature, extent, and location of the Collateral.

    b. Sale of Inventory. Any inventory may be used, consumed, or sold by Debtor in Debtor's ordinary courses of business as well as any sale or transfer of inventory in complete or partial satisfaction of a debt owed by Debtor to a third party.

10. At Debtor's own expense, Debtor will keep the Collateral fully insured, with insurance companies satisfactory to Secured Party, against loss due to fire, and with extended coverage. All policies must contain a loss payable clause to Secured Party, to the extent of Secured Party's interest in the Collateral.

11. All taxes, assessments, and governmental charges on the Collateral are to be paid by Debtor as they come due, unless they are being contested in good faith by appropriate proceedings.

12. Additional Debts Secured Upon Default.
    a. Payment by Secured Party for Debtor. If Debtor fails to pay taxes or other assessments and costs and expenses, maintain insurance, or keep the Collateral free from other liens, encumbrances, or security interest, as is required by this Agreement, Secured Party may make expenditures for such items. Whatever sums are expended by Secured Party, plus interest at the rate of five percent (5%) per year, will become immediately due and payable by Debtor to Secured Party. This debt is to be secured under this Agreement by the Collateral.

    b. Costs of Realizing on Collateral. Any reasonable costs incurred by Secured Party in the event of default by Debtor on the liabilities, including costs of retaking, holding, and selling the Collateral, and including court costs, attorney fees, and legal expenses, will become additional debts of Debtor to Secured Party, payable on demand and secured by the Collateral.

13. Remedies on Default. Upon Any Event of Default:




*Inventory Security Agreement*    2

a. Acceleration of Maturity. All liabilities become immediately due and payable, at the option of Secured Party. Secured Party will send written notice to the demand to Debtor, by registered mail.

b. Other Rights and Remedies. In addition to all other rights and remedies granted to Secured Party, it also has all the rights and remedies available to Secured Party under the UCC. Secured Party may require Debtor upon default to assemble the Collateral and make it available to Secured Party at a reasonably convenient place designated by Secured Party.

14. Any notice to resale of the Collateral by Secured Party to Debtor will be deemed reasonably and properly given if mailed at least 10 days before the disposition of the Collateral. This notice must be addressed to Debtor at the address noted in this Agreement, or at such other address designated in writing by Debtor.

15. Any debt of Secured Party to Debtor may be set off against the indebtedness of Debtor to Secured Party, without demand upon or notice to anyone.

16. This Agreement, and all rights and obligations under it, shall be construed and governed according to the laws of the State of Tennessee. The parties hereto irrevocably and unconditionally consent to the jurisdiction of the Chancery Court in Shelby County, Tennessee regarding all litigation which refers or related to this Amendment and the Joint Venture Agreement dated March 30, 2018. The parties acknowledge that this modifies Paragraph 19 of the Joint Venture Agreement. In the event litigation is filed, the prevailing party shall be entitled to an award for all expenses and fees incurred, including expert witness fees and attorney fees.

17. This Agreement shall be automatically terminated when the Promissory Note has been repaid in full.

{Signatures on the Following Page}

**DEBTOR:**

By _____ Date 1/16/20

David Wilkenfeld, CEO, Occasion Brands, LLC

**SECURED PARTY:**

DocuSign Envelope ID: D45D5A96-6BBF-4AFF-B7B9-EE7D310890D7

By ___*James K Crum*___    Date ___1/18/2020___
  DocuSigned by: D6F58644BACA4E9...

James Kelly Crum, President, American Clothing Express, Inc.

## Exhibit A

7300 W. Side Ave, North Bergen, NJ 07047

5903 W. Side Ave, North Bergen, NJ 07047

110 W. 20th Street, New York, NY 10011

700 Plaza Drive, Secaucus, NJ 07094


